Soheyl Tahsildoost (Bar No. 271294) (st@thetafirm.com)
THETA LAW FIRM, LLP
15901 Hawthorne Blvd., Ste. 270
Lawndale, CA 90260
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for defendant Mercedes-Benz USA, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG DAVIS, an individual, and LINDA MYERS, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>MERCEDES-BENZ USA, LLC a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:21-at-89<br>[Sacramento County Superior Court Case No. 34-2020-00290500]<br><br>**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**<br><br>Complaint Filed:   December 10, 2020 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Mercedes-Benz USA, LLC ("MERCEDES-BENZ"), by its undersigned attorneys, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California.  Defendant MERCEDES-BENZ states as follows:

**Jurisdiction and Authority for Removal**

1)   On December 10, 2020, an action was commenced by plaintiffs Greg Davis and Linda Myers ("Plaintiffs") against Defendant MERCEDES-BENZ in the Superior

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

Court of the State of California for the County of Sacramento, entitled "GREG DAVIS, et al v. MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company; and DOES 1 through 20, inclusive" ("State Court Case"), Case No. 34-2020-00290500. The summons and complaint were served on MERCEDES-BENZ on December 29, 2020. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing defendant MERCEDES-BENZ in the State Court Case, including a copy of the conformed State Court Case complaint. (Exhibit A to Tahsildoost Decl.)

3) The Eastern District of California encompasses Sacramento County. Venue is appropriate based on the fact that this action was filed in Sacramento County and based on the allegations in the Complaint in the State Court Case.

4) This Court has complete diversity jurisdiction over this action. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 20 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001).)

5) Plaintiffs, at the time this action was commenced, were and still are citizens of the State of California, County of Sacramento. (Exhibit A to Tahsildoost Decl., Complaint ¶2; Exhibit B to Tahsildoost Decl.)

6) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. (*Johnson v. Columbia Properties. Anchorage, LP,* 437 F.3d 894, 899-900 (9th Cir. 2006); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings,* LLC, 374 F.3d 1020, 1021-22 (11th Cir. 2004).) A member of a limited liability company is a person who has been admitted to a limited liability company as a member. (*See* Cal. Corp. Code,§ 17701.02(p); 6 Del. Code,§ 18-101(11).)

2

MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST

7) MBUSA is the only named defendant in this action. (Exhibit A to Tahsildoost Decl.) Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. (Tahsildoost Decl. ¶ 4.) The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. (*Id.*) Neither MBUSA nor its sole member is a citizen of the State of California. (*Id.*)

8) Complete diversity therefore existed as of the time the action was commenced in state Court and exists at the time of removal. There are no other named defendants that can defeat diversity. "Doe" defendants may be ignored for removal purposes. (*See Salveson v. Western State Bank Card Assn.,* 731 F.2d 1423 (9th Cir. 1984).)

9) Plaintiffs are alleging a violation of the Song-Beverly Consumer Warranty Act. Plaintiffs allege they purchased the vehicle on or about April 1, 2019. (Exhibit A to Tahsildoost Decl., Complaint ¶ 8.).)

10) Plaintiffs are seeking replacement or restitution, including the entire price paid or payable for the subject vehicle, incidental and consequential damages, a civil penalty in an amount not to exceed two times the amount of Plaintiffs' actual damages pursuant to California Civil Code section 1794 subdivision (c), along with attorneys' fees, witness fees, and costs of suit. (Exhibit A to Tahsildoost Decl., Complaint ¶ 26-29, 40-41, 51-55.) Based on Exhibit B to the Tahsildoost Declaration, the price paid or payable for the subject vehicle was $158,400.16. Based on this alone, Plaintiffs are seeking well in excess of $75,000.00 in monetary damages before accounting for any civil penalties, incidental and consequential damages, and other claimed damages. The amount in controversy requirement may be established by showing that such damages are

3

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446;
DECLARATION OF SOHEYL TAHSILDOOST**

"facially apparent" from the Plaintiffs' Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount. (*See Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).)

11)   Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. (*Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *See* also *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy).) "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." (*Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 553 (2014).).  Exhibit B to the Declaration of Soheyl Tahsildoost demonstrates that the price paid or payable for the subject vehicle is $158,400.16. Additionally, Plaintiffs seek incidental and consequential damages. Plaintiffs' civil penalty claim requests a penalty equal to double the amount of the total of the base damages and incidental and consequential damages meaning the amount in controversy, without taking into account any incidental and consequential damages or other damages claimed, a maximum civil penalty award plus the price paid and payable would be $475,200.48.

12)   Typically, attorneys' fees are not considered part of the amount in controversy for diversity purposes. (*Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.1998).) However, where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. (*See Id.; Morrison v. Allstate lndem. Co.,* 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the defendant's potential liability. (*Lewis v. Verizon Commc'ns, Inc*., 627 F.3d 395, 400 (9th Cir. 2010).) Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the

4

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

matter should remain in federal Court unless plaintiff cannot possibly recover that amount. (*Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).) Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. (*See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.*, 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.*, 804 F.Supp. 111, 116-17 (D.Colo.1992).) A reasonable estimate of attorneys' fees is also properly included. (*Id.* at 1010-1011.) Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. (*See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).)

### Notice to Plaintiffs and the Superior Court of Removal of the Civil Action

12) Defendant MBUSA will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated: January 28, 2021        THETA LAW FIRM, LLP

_____
SOHEYL TAHSILDOOST
Attorneys for defendant Mercedes-Benz USA, LLC

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

**DECLARTATION OF SOHEYL TAHSILDOOST**

I, Soheyl Tahsildoost, declare as follows:

1. I am a partner in the law firm of Theta Law Firm, LLP, attorneys of record for defendant Mercedes-Benz USA, LLC ("MBUSA). This declaration is offered in support of MBUSA's Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1332. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. MBUSA was served with Plaintiffs' Summons and Complaint on December 29, 2021. A true and correct copy of all the documents served on MBUSA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

3. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' sales contract for their purchase of the subject vehicle.

4. Defendant MBUSA, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and was not and is not organized under the laws of the State of California, wherein this action was brought. The sole member of MBUSA is Daimler North America Corporation ("DNAC"). DNAC is a Corporation organized under the laws of the State of Delaware with its principal place of business in Farmington Hills, Michigan. Neither MBUSA nor its sole member is a citizen of the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on January 22, 2021 at Lawndale, California.

_____
SOHEYL TAHSILDOOST

**MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST**

**PROOF OF SERVICE**
**(FRCP 4(l); Code Civ. Proc., § 1013a(3) Revised 5-1-88)**

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 15901 Hawthorne Blvd., Suite 270, Lawndale, CA 90260. On **January 28, 2021**, I served the following documents described as **MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST,** on interested parties in this action by placing original/true copies thereof in sealed envelopes addressed as follows:

| Kevin Y. Jacobson, Esq.<br>QUILL & ARROW, LLP<br>10900 Wilshire Boulevard, Suite 300<br>Los Angeles, CA 90024<br>(310) 933-4271 Phone<br>(310) 889-0645 Fax<br>Email: kjacobson@quillarrowlaw.com | |

☐ BY MAIL: I deposited such envelope in the mail at Lawndale, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 28, 2021** at Lawndale, California.

_____
Steven Correa

MERCEDES-BENZ USA, LLC'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446; DECLARATION OF SOHEYL TAHSILDOOST