**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
Gregory Sogoyan, Esq. (SBN 316832)
10900 Wilshire Boulevard, Suite 300
Los Angeles, CA, 90024
Telephone:   (310) 933-4271
Facsimile:   (310) 889-0645
E-mail:        kjacobson@quillarrowlaw.com
                   gsogoyan@quillarrowlaw.com
                   e-service@quillarrowlaw.com

Attorney for Plaintiffs,
**GREG DAVIS AND LINDA MYERS**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

GREG DAVIS, an individual, and
LINDA MYERS, an individual,


            Plaintiff,

    vs.


MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability
Company, and DOES 1 through 10,
inclusive,


            Defendants.

Case No.: 2:21-CV-00174-KJM-KJN

District Judge: Kimberly J. Mueller

Magistrate Judge: Kendall J. Newman

**PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES**

Hearing Date: May 27, 2022
Time:              10:00 am
Courtroom:     3, 15th Floor

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

QUILL&ARROW•LLP
— ATTORNEYS AT LAW —

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ....................................................................................3

A. MBUSA Refuses to Abide by its Obligations Under the Law ........................... 4

B. Plaintiffs' Counsel Diligently Prepared This Matter for Trial After MBUSA
   Denied Any
   Liability…………………...................................................................................5

C. MBUSA's Lowball Rule 68 Offer ....................................................................7

III. LEGAL ANALYSIS ........................................................................................... 7
     A. Plaintiffs are the Prevailing Party ................................................................ 7
     B. Plaintiffs' Counsels' Lodestar Fees are Reasonable................................... 9
          1. Plaintiffs' Counsels' Hourly Rates are Reasonable ..................... 10
          2. Plaintiffs' Counsels' Billable Hours are Reasonable ................... 12
     C. This Case Warrants a Lodestar Multiplier Enhancement of 1.35............. 14
          1. Plaintiffs' Counsel Obtained an Excellent Outcome ................... 14
          2. The Risks Posed by This Litigation Were Substantial ................. 15
     D. Plaintiffs are Entitled to Costs and Litigation Expenses ........................ 16

IV. CONCLUSION ............................................................................................... 17

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

# TABLE OF AUTHORITIES

## CASES

*Arntz Cont. Co. v. St. Paul Fire & Marine Ins. Co*.
47 Cal.App.4th 464 (1996) …… ............................................................16
*Bussey v. Affleck*
225 Cal.App.3d 1162 (1990)………………………………………….. 16
*Cazares v. Saenz*,
208 Cal. App. 3d 279 (1989) ...............................................................15
*Drouin v. Fleetwood Enterprises*
163 Cal. App 3d 486 (1985) ...................................................................8
*Estate of Trynin*
49 Cal.3d 868 (1989) …………………...........................................................8
*Graciano v. Robinson Ford Sales, Inc.*
 144 Cal. App. 4th 140 (2006)………………………………….9, 10, 11,14
*Graham v. DaimlerChrysler Corp.*
34 Cal. 4th 553 (2005) …………………….......................................14
*Horsford v. Board of Trustees of Cal. State Uni.*
132 Cal. App. 4th 359 (2005)……………………………………...12
*In re Vitamin Cases*
110 Cal. App. 4th 1041 (2003) ...............................................................14
*Jensen v. BMW of North America*
35 Cal. App. 4th 112 (1995) ...................................................................16
*Margolin v. Regional Planning Com.*
134 Cal. App. 3d 999 (1982) ...............................................................11
*Martino v. Denevi*
182 Cal. App. 3d 553 (1986) …………….......................................12
*Niederer v. Ferreira*
189 Cal. App. 3d 1485 (1987) ...................................................................8
*Serrano v. Unruh*
*32 Cal. 3d 621 (1982)* ...........................................................8, 11
*Warren v. Kia Motors America, Inc.*
30 Cal. App. 5th 24 (2018) ...............................................................16
*Wohlgemuth v. Catepillar, Inc.*
207 Cal. App. 4th 1252 (2012) ...................................................................8
*Zargarian v. BMW of N. Am.*
442 F. Supp. 3d 1216 (C.D. Cal. Mar. 3, 2020) ………....………………3, 12, 13

## STATUTES
Cal. Civ. Code § 1794(d) ................................................................1, 8, 9

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

**OTHER AUTHORITIES**

Leubsdorf, *The Contingency Factor in Attorney Fee Awards*, 90 Yale L.J. 473 (1981) ...................................................................................................................15



PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

## I. INTRODUCTION

Plaintiffs, Greg Davis and Linda Myers ("Plaintiffs"), seek statutorily authorized attorney fees, costs, and expenses following a complete victory by way of settlement significantly above and beyond the price of Plaintiffs' vehicle in this "Lemon Law" lawsuit under the Song-Beverly Consumer Warranty Act, ("SBA"). Cal. Civ. Code § 1794(d). Plaintiffs prevailed over Defendant Mercedes-Benz USA, LLC ("MBUSA" or "Defendant") after over a year of litigation, and after MBUSA denied Plaintiffs' prelitigation request for relief pursuant to the SBA.

Indeed, Plaintiffs successfully obtained a settlement in the amount of $235,000, against MBUSA, who was represented by experienced trial lawyers, and founders of Theta Law Firm, Soheyl Tahsildoost and Michael Ayzen.[1] Mr. Tahsildoost prides himself in providing "a bulldog defense to each of his clients," and attempted to do so in this case by denying all liability until ultimately settling for significant civil penalties after over one year of litigation.

Remarkably, this action would not have been necessary in the first instance had MBUSA agreed to abide by its duties under the SBA by either affirmatively offering to repurchase Plaintiffs vehicle, or at the very least by offering to repurchase Plaintiffs' vehicle after Plaintiffs called MBUSA directly and requested relief pursuant to the SBA prior to filing this lawsuit. MBUSA knew that Plaintiffs' 2018 Mercedes-Benz E63 AMG, vehicle identification number WDDZF8KB8JA458941 ("Vehicle") suffered from substantially impairing engine and transmission defects that persist to date. Importantly, MBUSA was explicitly aware of Plaintiffs' extensive repair history in which Plaintiffs were forced to take the Vehicle to MBUSA's authorized repair facility no fewer than eight times for engine and transmission repairs. Unsurprisingly, MBUSA refused to repurchase Plaintiffs' Vehicle when Plaintiffs called MBUSA directly to request relief—consistent with its affirmative obligation under the Lemon Law.

---

[1] http://thetafirm.com/soheyl.html;  http://thetafirm.com/michael.html

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

After forcing Plaintiffs to file this lawsuit, MBUSA and its counsel attempted to settle Plaintiffs' case for far less than Plaintiffs were entitled to under the SBA. After over a year of litigation, MBUSA served a Rule 68 offer in the amount of $155,000, which Plaintiffs surpassed by $80,000, and which consists of significant civil penalties for MBUSA's willful violation of the SBA. In fact, Defendant served its Rule 68 Offer on December 20, 2021, after nearly one year of litigation. Indeed, Defendant also filed a Motion for Judgment on the Pleadings on December 23, 2021, as a way to seemingly coerce Plaintiffs into accepting its low-ball offer. Defendant subsequently withdrew its Motion for Judgment on the Pleadings and Plaintiffs victoriously reach a settlement in the amount of $235,000, plus attorneys' fees, costs, and expense to be determined by motion or agreement.

Throughout this case, MBUSA vehemently denied liability and forced Plaintiffs to engage in significant discovery after MBUSA removed this case to District Court. Plaintiffs' litigation efforts included preparing a Joint Rule 26(f) report and attending a Scheduling Conference; preparing initial disclosures; propounding and responding to discovery; reviewing and analyzing thousands of pages of documents, including, but not limited to, repair orders and purchase documents, as well as communications with MBUSA; subpoenaing six dealership technicians for deposition, as well as the dealership's PMQ; preparing deposition notices for, and attempting to depose, Defendant's Rule 30(b)(6) witness(es); conducting extensive investigation regarding the defective Vehicle with Plaintiffs' retained expert and timely serving Rule 26(2)(B) disclosures and written report; analyzing Defendant's Motion for Judgment on the Pleadings; and engaging in significant settlement negotiations. Yet, MBUSA will likely claim that this was a "simple Lemon Law case" and that Plaintiffs' efforts were "unnecessary" or their fees "unreasonable."

Other courts in this district, as well as other district courts in the State of California, routinely award Plaintiffs' counsel its requested fees in Lemon Law cases against automobile manufacturers. (Jacobson Decl. ¶¶ 8-12, Exs. 1-5.)  For example,

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Plaintiffs' counsel, Mr. Gregory Sogoyan, has routinely had courts approve his hourly rate. *See Brandy Lynn Miller Speiker v. FCA US, LLC,* 2021 WL 4353273, at *4 (C.D. Cal. June 4, 2021) (approving Mr. Sogoyan's 2019 rate of $385/hour, and 2020 rate of $395/hour); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (Approving Mr. Sogoyan's rates of $350/hour and $385/hour); *Henrik Zargarian v. BMW of N. Am., LLC,* 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar.3, 2020) (approving Mr. Sogoyan's rate of $350/hour); *Zomorodian v. BMW,* 2019 WL 6534513 (C.D. Cal. July 23, 2019) (approving Mr. Sogoyan's 2018 rate of $350/hour); and *Shepard v. BMW* (Los Angles Super. Ct., Case No. BC622506) (approving Mr. Sogoyan's hourly rate of $350/hour). (Jacobson Decl. ¶ 7.) The attorney's fees sought in this matter for the fees incurred by the mere 4 attorneys who worked on this matter are consistent with numerous court findings that Mr. Sogoyan's hourly rate is reasonable. These rulings underscore the reasonableness of counsel's lodestar here.

Accordingly, Plaintiffs seek reasonably incurred attorneys' fees, costs, and expenses in the amount of $72,353.80. This amount consists of (1) $44,697.00 in attorney fees for Quill & Arrow, LLP ("QA"); (2) a 1.35 multiplier enhancement on the attorney fees (or $15,643.95); (3) $6,012.85 in costs incurred by QA; and (4) an additional $6,000.00 for Plaintiffs' counsel to review Defendant's Opposition; draft the Reply; and attend the hearing on this Motion. As detailed below, Plaintiffs' fee request is reasonable.

## II. STATEMENT OF FACTS

Based on Plaintiffs' counsel's experience, MBUSA and its counsel employ a uniform strategy in Lemon Law cases consisting of the same deny and delay tactics. First, MBUSA denied Plaintiffs' prelitigation repurchase request and forced Plaintiffs to file this lawsuit. Second, MBUSA and its counsel vehemently denied any liability and force Plaintiffs to uncover the truth through litigation, including asserting thirty-eight affirmative defenses. (Dkt. No. 6.) Third, MBUSA makes low-ball offers

during litigation and prevents Plaintiffs' from obtaining the discovery needed to prove their case at trial. Lastly, MBUSA, after making a low-ball offer to resolve the attorneys' fees, costs, and expenses will force Plaintiffs' counsel to file a fee motion, while simultaneously arguing litigation was unnecessary because MBUSA was willing to offer some small amount of "restitution" since the beginning of this case. Not so. *See*, e.g., *Gonzalez v. MBUSA*, (Los Angeles Co. Super. Ct. Civil Case No. SC128379). As reflected, plaintiff's counsel was granted 100% the requested lodestar fees. Plaintiffs' counsel in this case, Mr. Gregory Sogoyan was one of the lead plaintiff's counsels on this case and served as trial counsel through jury verdict. (Jacobson Decl., ¶ 8, Ex. 1.)

### A. MBUSA Refuses to Abide by its Obligations Under the Law

On or about April 1, 2019, Plaintiffs purchased a new 2018 Mercedes-Benz E63 AMG, vehicle identification number WDDZF8KB8JA458941 from Mercedes-Benz of Sacramento ("MB Dealership"), which was manufactured and/or distributed by Defendant Mercedes-Benz USA, LLC for a total sale price of $158,400.16. (Declaration of Gregory Sogoyan "Sogoyan Decl." ¶ 3, Ex. A.) As a result of engine and transmission defects, Plaintiffs presented the Subject Vehicle to Defendant's MB Dealership on at least eight occasions concerning the defective engine and transmission, and was out of service for no less than 62 days. (*Id.* ¶¶ 5-14.) Due to the ongoing issues with the Subject Vehicle, on or about July of 2019, Plaintiffs directly called Defendant Mercedes-Benz USA, LLC prior to filing this lawsuit and asked to have the Subject Vehicle repurchased due to the ongoing issues that Defendant's authorized repair facilities failed to repair. (*Id.* ¶ 16.) Defendant refused to repurchase Plaintiffs' vehicle, despite Mercedes-Benz knowledge that Mercedes' authorized repair facility was unable to repair the Subject Vehicle. (*Id.* ¶ 17.)

///

///

///



QUILL&ARROW•LLP
— ATTORNEYS AT LAW —

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

### B. Plaintiffs' Counsel Diligently Prepared This Matter for Trial After MBUSA Denied Any Liability

On December 10, 2020, Plaintiffs filed a lawsuit against Defendant in Superior Court of California of the State of California, County of Sacramento, Case No. 34-2020-00290500, alleging violations of the Song-Beverly Consumer Warranty Act (the "SBA"), including breach of the express warranty of merchantability, breach of the implied warranty of merchantability, and failure to commence or complete repairs within 30 days, etc. (Sogoyan Decl. ¶ 18.) On January 28, 2021, Defendant filed its Notice of Removal of this action based on diversity jurisdiction, and this action was removed from Sacramento Superior Court to the United States District Court, Eastern District of California. (*Id.* ¶ 19; Dkt. No 1.) On March 10, 2021, Defendant filed its Answer, denying all liability to Plaintiffs and asserting thirty-eight affirmative defenses. (*Id.* ¶ 20; Dkt. No 6.) Thereafter, Plaintiffs diligently litigated this case as necessitated by MBUSA's conduct, including:

- On May 20, 2021, the parties filed a Joint Rule 26(f) report. *Id.* ¶ 21.
- On June 3, 2021, the parties served their respective initial disclosures. *Id.* ¶ 22.
- On October 14, 2021, Plaintiffs subpoenaed the deposition of six technicians at MB Dealership that performed repairs on the Subject Vehicle. Plaintiff also subpoenaed the Person(s) Most Qualified at MB Dealership. *Id.* ¶ 23.
- On October 14, 2021, Plaintiffs noticed the Deposition of Defendant's Rule 30(b)(6) witness(es). *Id.* ¶ 24.
- On October 22, 2021, Defendant propounded Requests for Admission; Requests for Production of Documents; and Interrogatories on Plaintiffs. *Id.* ¶ 25.
- On October 25, 2021, Defendant served Notices of Deposition for Plaintiffs and Requests for Production of Documents. *Id.* ¶ 26.
- On October 25, 2021, Defendant served a Notice of Vehicle Inspection for the Subject Vehicle. *Id.* ¶ 27.

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

- On October 27, 2021, Plaintiffs propounded their initial set of written discovery, including requests for production of documents; requests for admission; and interrogatories on Defendant. Plaintiffs' discovery was tailored to Defendant's awareness of the same/similar defects in other 2018 Mercedes-Benz E63 vehicles. *Id.* ¶ 28.

- On November 19, 2021, Plaintiffs responded to Defendant's initial set of written discovery. *Id.* ¶ 29.

- On November 29, 2021, Defendant responded to Plaintiffs' initial set of written discovery. Defendant's responses were vastly comprised of boilerplate objections, without substantive responses. *Id.* ¶ 30.

- On December 10, 2021, Plaintiffs timely served their Rule 26(2)(B) designation and expert report. *Id.* ¶ 31.

- On December 17, 2021, Plaintiffs serve a Notice of Deposition of Defendant's Expert Witness and Requests for Production of Documents. *Id.* ¶ 32.

- On December 17, 2021, the parties filed a joint status report regarding the status of mediation. *Id.* ¶ 33.

- On December 23, 2021, Defendant filed a Motion for Judgment on the Pleadings. *Id.* ¶ 34.

- On January 6, 2022, Defendant withdrew its Motion for Judgment on the Pleadings. *Id.* ¶ 35.

- On February 1, 2022, Plaintiffs filed a Notice of Settlement. *Id.* ¶ 36.

Indeed, Plaintiffs' efforts were reasonably necessary to establish MBUSA's liability in this case and to protect against surprise at trial. Plaintiffs' counsel achieved an outstanding result by securing a settlement of $235,000, which includes significant civil penalties for MBUSA's willful violation of the SBA. This outstanding result is a direct result of Plaintiffs' counsel's diligence and efforts—forcing MBUSA to settle. MBUSA will surely argue in its opposition to this Motion that Plaintiffs excessively litigated this case and that the fees are not reasonable; not so. "[U]ntil the

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

1  case actually settled, Goglin had to conduct discovery and prepare to prove liability
2  on her varied claims with their varied elements. She also had to be prepared to counter
3  the numerous affirmative defenses raised in the answers to her complaint. We,
4  therefore, cannot conclude the court abused its discretion in finding the time spent by
5  Goglin's counsel on litigation activities was reasonable." *Goglin v. BMW of N. Am.*,
6  LLC, 4 Cal.App.5th 462, 473 (2016).

7      Accordingly, Plaintiffs requests a total award of $72,353.80 in attorney fees,
8  costs, and expenses. (Declaration of Kevin Y. Jacobson ["Jacobson Decl."] Decl. ¶¶
9  17-19, Ex. 6.)

10      **C. MBUSA's Lowball Rule 68 Offer**

11      Per its standard practice, MBUSA's counsel again attempted to stay true to their
12  "no civil penalties" business model, regardless of whether or not the case warrants it.
13  After forcing Plaintiffs to file this lawsuit, MBUSA and its counsel attempted to settle
14  Plaintiffs' case for far less than Plaintiffs were entitled to under the SBA. After over a
15  year of litigation, MBUSA served a Rule 68 offer in the amount of $155,000.00, which
16  Plaintiffs overcame by $80,000.00, and which consists of significant civil penalties for
17  MBUSA's willful violation of the SBA.  In fact, Defendant served its Rule 68 Offer on
18  December 20, 2021—after nearly one year of litigation and multiple attempts to settle
19  the case for pennies on the dollar. Indeed, Defendant also filed a Motion for Judgment
20  on the Pleadings on December 23, 2021 as a way to seemingly coerce Plaintiffs into
21  accepting its low-ball offer. Defendant subsequently withdrew its Motion for Judgment
22  on the Pleadings and Plaintiffs victoriously reach a settlement in the amount of
23  $235,000.00, plus attorneys' fees, costs, and expense to be determined by motion or
24  agreement.

25  **III. LEGAL ANALYSIS**

26      **A. Plaintiffs are the Prevailing Party**

27      Under the SBA, if a buyer prevails in an action under the SBA, they may recover
28  the aggregate amount of costs and expenses, ***including attorney fees*** based on actual

time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action. Cal. Civ. Code § 1794, subd.(d) (emphasis added). *Wohlgemuth v. Caterpillar, Inc.*, 207 Cal.App.4th 1252, 1262 (2012) "…[T]he provision for recovery of costs and attorney fees in [Civil Code] section 1794(d) is an important aspect of this consumer protection, and without it many would not be financially able to pursue a remedy.) *Id.* Such mandatory recoverable fees and costs include those "necessary to establish and defend th[is] fee claim . . . ." *Serrano v. Unruh*, 32 Cal.3d 621, 639 (1982); *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal.App.4th at 817 (fees for fee-and-cost motion); Moreover, "[w]here the right to counsel fees is based on statute, recovery for fee-related services has been consistently allowed." *Estate of Trynin*, 49 Cal.3d 868, 874 (1989). Plaintiffs are entitled to recover their fees as confirmed by this Motion.

Indisputably, Plaintiffs are the prevailing party for the purposes of attorney fees. Pursuant to the SBA, an award of attorney fees and costs to Plaintiffs as the prevailing party is mandatory:

> "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to ***the aggregate amount of costs and expenses, including attorney's fees*** based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Civ. Code. § 1794, subd. (d). (emphasis added.)

Moreover, California courts have consistently "rejected the notion the fee award must be proportionate to the amount of damages recovered." *Niederer v. Ferreira*, 189 Cal.App.3d 1485, 1508 (1987). "[A]n attorney's fee is to be based upon actual time expended rather than being tied to any percentage of the recovery. This requirement is designed to make the pursuit of consumer rights involving inexpensive consumer products economically feasible... The trial court did not err in calculating attorneys fees based on actual time expended." *Drouin v. Fleetwood Enterprs.*, 163

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Cal.App.3d 486, 493 (1985). As Plaintiffs are suing "under consumer protection statues involving mandatory fee-shifting provision, the legislative policies are in favor of recovery of all attorney fees reasonably expended, without limiting the fees to a proportion of actual recovery." *Graciano v. Robinson FCA Sales, Inc.*, 144 Cal.App.4th 140, 164 (2006). Significantly, "Many statutory fee-award provisions begin with the lodestar method but are governed by the specific statutory requirement that the final fee award be 'reasonable' in nature. No such requirement is found in the Song-Beverly Act. The fee award must be based on the court's calculation of the 'actual time expended ... determined by the court to have been reasonabl[y] incurred.' [(§ 1794(d).)] The legislature did not include a requirement that the court also determine [whether] the fees are reasonable in amount. Had the legislature intended such a requirement, it could easily have so stated… The court's review of the overall reasonableness of the attorney fees is, thus, restricted by the specific language in the fee award provision of the Song-Beverly Act." *Id*.

### B. Plaintiffs' Counsel's Lodestar Fees are Reasonable

Reasonable attorney fees are determined by using the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Ketchum v. Moses*, 24 Cal.4th 1122, 1135 (2001) (California Supreme Court endorsing lodestar method as prevailing method for statutory fee awards); *Syers Properties III, Inc. v. Rankin*, 226 Cal.App.4th 691, 698 (2014) (affirming *Ketchum v. Moses* as the primacy of the lodestar method for all fee-shifting statutes).

California's lodestar/multiplier method is calculated using a simple two-step process, as illustrated below:

**Step One**: The trial court determines a lodestar value for the fees by multiplying the time reasonably spent by Plaintiffs' counsel on the case by a reasonable hourly rate. *In re Consumer Privacy Cases*, 175 Cal.App.4th 545, 556-57 (2009).

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

**Step Two**: The trial court may then adjust or enhance the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action, as well as other factors, such as the degree of skill required and the results achieved. *Id.*; *Ketchum*, *supra* at 1137 (appellate court erred in concluding it lacked authority to enhance prevailing party's lodestar). Similarly, the Ninth Circuit utilizes the lodestar method for calculating reasonable attorneys' fees, "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Welch v. Metro Life Ins. Co.,* 480 F.3d 942, 945 (9th Cir. 2007). The lodestar approach "anchors the trial court's analysis to an objective determination of the attorney's services, ensuring the amount awarded is not arbitrary." *Graciano*, *supra* at 154.

### 1. Plaintiffs' Counsel's Hourly Rates are Reasonable

The hours billed by counsel are to be multiplied by a "reasonable hourly rate" to generate the lodestar. *In re Consumer Privacy Cases*, *supra* at 556. In determining an appropriate hourly rate, the trial court should apply rates commensurate with the "hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum*, *supra* at 1133. Evidence of hourly rates sought by and awarded to the same law firm in other cases, as well as experience of counsel, are "obviously relevant" to the attorney fees determination. *Margolin v. Regional Planning Com.*, 134 Cal.App.3d 999, 1005-06 (1982).

Plaintiffs anticipate that MBUSA will attempt to mislead this Court in its Opposition by relying on *Nightingale v. Hyundai Motor America,* 31 Cal.App.4th 807 (1994), and *Levy v. Toyota Motor Sales, USA, Inc.*, 4 Cal.App.4th 807 (1992), in support of an erroneous argument that the lodestar and multiplier approach does not apply and that the Court should reduce Plaintiffs' requested fees. ***Nightingale* and *Levy* do not apply to contingency fee cases.** *Nightingale* and *Levy* do not involve contingency cases, as is the case here. (Jacobson Decl. ¶ 20.)

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

In *Nightingale*, the plaintiff's attorney represented the consumer on an hourly basis and subsequently sought to obtain a higher rate than the rate she actually charged the consumer. The appellate court rejected the higher rate. The plaintiff's attorney in *Levy* also had an hourly rate agreement rather than a contingent fee agreement. *Supra*

Accordingly, in the absence of contrary evidence, a moving party's showing of rates that have been upheld "compel[] a finding that the requested hourly rates were within the reasonable rates for purposes of setting the base lodestar amount." *Graciano*, *supra* at 156. Plaintiffs' counsel, in presenting evidence of their basic hourly rates, need not "explain the basis on which those hourly rates were awarded to counsel in other cases, the nature of other litigation, its difficulty and other factors which might have affected the award." *Id.* The basic rates merely are the starting point of a fee award calculation. *Margolin*, *supra* at 1005. Consideration of the other factors listed only occurs after the court fixes the hourly rate and the number of hours spent, as part of the analysis to determine whether the total fees should be modified. *Id.* (relying on *Serrano*, *supra* at 49).

The hourly rates for the attorneys who worked on this case are as follows: (1) Kevin Jacobson (2022 rate of $500.00/hr., 2021 rate of $500/hr., and 2020 rate of $395.00/hr);[2] (2) Gregory Sogoyan (2022 rate of $450.00/hr and 2021 rate of $425/hr.); (3) Nicholas Yowarski (2021 rate of $350.00/hr; and (4) Jesse Fortune (2021 rate of $350.00/hr). These rates are appropriate given the relative experience and qualifications of these attorneys. (Jacobson Decl. ¶¶ 3-16.) The rates sought by Plaintiffs' counsel are similar to the rates that this District Court and other California District Courts have awarded in other lemon law cases. (*Id.*) *Brandy Lynn Miller Speiker v. FCA US, LLC,* 2021 WL 4353273, at *4 (C.D. Cal. June 4, 2021) (approving Mr. Sogoyan's 2019 rate of $385/hour, and 2020 rate of $395/hour); *Jurosky v. BMW of N. Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020)

---

[2] Significantly, Mr. Jacobson has not increased his rate from 2021 to 2022.

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

1  (Approving Mr. Sogoyan's rates of $350/hour and $385/hour); *Henrik Zargarian v.*

2  *BMW of N. Am., LLC,* 442 F.Supp.3d 1216, 1226 (C.D. Cal. Mar.3, 2020) (approving

3  Mr. Sogoyan's rate of $350/hour); *Zomorodian v. BMW,* 2019 WL 6534513 (C.D.

4  Cal. July 23, 2019) (approving Mr. Sogoyan's 2018 rate of $350/hour); and *Shepard*

5  *v. BMW* (Los Angles Super. Ct., Case No. BC622506) (approving Mr. Sogoyan's

6  hourly rate of $350/hour).

7  <u>2. Plaintiffs' Counsel's Billable Hours are Reasonable</u>

8  Plaintiffs' fee recovery is based on the approximately 106.55 hours spent by

9  their attorneys litigating this case through this motion.[3] The fees incurred are

10  reasonable, as captured in the billing records submitted to this Court. (Jacobson Decl.

11  ¶ 17, Ex. 6.) Plaintiffs' counsel's billing records reflect the actual time and clear

12  descriptions of services performed in connection with litigating this case, which has

13  been carefully reviewed and audited to remove any entry that may be duplicative,

14  redundant, unnecessary, or otherwise. (*Id.*) Although the submission of such detailed

15  time records is not necessary under California law, if submitted, such records "are

16  entitled to credence in the absence of a clear indication the records are erroneous."

17  *Horsford v. Board of Trustees of California State University*, 132 Cal.App.4th 359,

18  396 (2005); *Martino v. Denevi*, 182 Cal.App.3d 553, 559 (1986); *Sommers v. Erb*, 2

19  Cal. App. 4th 1644, 1651 (1992).

20  Indeed, this case was neither "over-staffed" or incurred "duplicated efforts" as

21  Defendant may argue. Importantly, this case was litigated by only four attorneys with

22  Mr. Jacobson performing approximately 22% of the work; Mr. Sogoyan performing

23  approximately 54% of the work; Mr. Yowarski performed approximately 17% of the

24  work; and Mr. Fortune, a former associate, performing approximately 7% of the work

25  before his departure from the firm and the reassignment of the case.

26  Courts routinely determine that the billing submitted by Plaintiffs' counsel,  is

27  reasonable, and that the work was performed efficiently without duplication or excessive

28  _____

[3] Plaintiffs are not seeking recovery for work performed by administrative staff.

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

building – including cases where Mr. Sogoyan has served as counsel. *Henrik Zargarian v. BMW of N. Am.*, *LLC*, 442 F.Supp.3d 1216, 1227 (C.D. Cal. Mar. 3, 2020) (the Court approved plaintiff's rates ranging from $335/hr-$600/hr and approved 100% of Plaintiff's requested lodestar. Mr. Sogoyan was one of the lead plaintiff's counsels on this case. On pages 1228-1229 of the opinion, the Court also notes "Defendant contends that Plaintiff billed for 'duplicative,' 'excessive,' and 'unrelated' work, and further, 'unnecessarily [ran up fees when it [was] not warranted to do so' by hiring three different law firms to work on this matter….Here, the Court does not take issue with Plaintiff's counsel's staffing decisions; from the billing records, it is clear that there was a strict division of labor between the firms, and the Court finds no evidence of duplicative work between the firms." (Jacobson Decl. ¶ 10, Ex. 3.). Moreover, Plaintiffs draw the Court's attention to *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv 5061-DMG), 2019 WL 6534513, in which the Court approved plaintiff's requested attorney rates ranging from $325/hour to $695/hour. Mr. Sogoyan was one of plaintiff's counsel on this case. On page 10 of the opinion, the Court also notes "While the use of 13 attorneys in this case certainly suggests overstaffing, the Court has reviewed the hours billed with care and has determined that most of the hours billed by the 13 different attorneys have not been duplicative." *Id.* (Jacobson Decl. ¶ 11, Ex. 4.); *Catherine Shepard v. BMW* (Los Angeles Superior Court Case No. BC622506) in which the Court approved Plaintiff's rates and granted 100% of Plaintiff's requested lodestar. Mr. Sogoyan was one of the lead plaintiff's counsels on this case. On page 4 of this opinion, the Court notes "Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, overconferencing or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor amongst Shepard's attorneys on this case." *Id.* (Jacobson Decl. ¶ 12, Ex. 5.)

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

Significantly, none of this litigation would have been necessary if MBUSA abided by its obligations under the SBA and repurchased Plaintiffs' Vehicle prior to filing this lawsuit.

**C.    This Case Warrants a Lodestar Multiplier Enhancement of 1.35**

Once determined, the lodestar amount can be increased by a "multiplier enhancement" that is based on several factors, including: (1) the risks presented by the litigation; (2) the novelty and difficulty of the legal and factual issues involved; (3) the results obtained on behalf of the plaintiff; and (4) the skill exhibited by counsel. *In re Consumer Privacy Cases*, 175 Cal.App.4th 545, 556 (2009); *In re Vitamin Cases*, 110 Cal.App.4th 1041, 1052 (2003); *Graciano*, *supra* at 154; *Reynolds v. Ford Motor Co.*, 47 Cal.App.5th 1105 (2020) (upholding trial court award in SBA lemon law matter of $201,891 lodestar and 1.2 multiplier). There, the court held that "… based on the following factors: the complexity of the factual issues, counsel's extensive experience in this type of litigation, and '[i]n litigating these types of cases with a large corporate defendant such as FCA, many attorneys may decline to represent plaintiff due to the financial resources of defendant and the prospect of long and hard fought litigation.'" *Id.*; *Santana v. FCA US, LLC*, 56 Cal.App.5th 334 (2020) (affirming an award of over a $500,000 in attorney fees that included multiplier of 2.0 in lemon law case where the plaintiff prevailed). Moreover, "… the fact that counsel seeks a multiplier as a component of its fee request… is not itself a proper factor in determining the reasonableness of sought-after fees. In fact, it is not unusual for counsel to ask for a multiplier in contingent fee cases as this one." *Etcheson v. FCA US LLC*, 30 Cal.App.5th 831, 851 (2018). This Court should apply a multiplier of 1.35 (or $15,643.95), because this case meets the factors set forth below.

<u>1. Plaintiff's Counsel Obtained an Excellent Outcome</u>

"The 'results obtained' factor can properly be used to enhance a lodestar calculation where an exceptional effort produced an exceptional benefit." *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 582 (2005). Here, after over a year of

- 14 -

litigation, MBUSA served a Rule 68 offer in the amount of $155,000, which Plaintiffs overcame by $80,000, and which consists of significant civil penalties for MBUSA's willful violation of the SBA.  In fact, Defendant served its Rule 68 Offer on December 20, 2021—after nearly one year of litigation. Indeed, Defendant also filed a Motion for Judgment on the Pleadings on December 23, 2021 as a way to seemingly coerce Plaintiffs into accepting its low-ball offer. Defendant subsequently withdrew its Motion for Judgment on the Pleadings and Plaintiffs victoriously reach a settlement in the amount of $235,000, plus attorneys' fees, costs, and expense to be determined by motion or agreement. Undoubtably, this is an outstanding result. The recovery is particularly impressive given the history of this case: Prior to litigation, MBUSA refused even to repurchase the Vehicle. *In re Consumer Privacy Cases*, 175 Cal. App. 4th at 556 (holding that courts may increase lodestar by taking into account quality of representation and results obtained).

2. Plaintiffs' Counsel Endured Substantial Risks Posed by This Litigation

Another factor considered in awarding a multiplier is the risk of non-recovery or delayed recovery that counsel shouldered in taking on the case. *Ketchum*, *supra*, 1138 (upholding risk factor consideration for risk based on contingency fee based representation)"A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases." *Id.* at 1333 (quoting *Leubsdorf, The Contingency Factor in Attorney Fee Awards*, 90 Yale L.J. 473, 480 (1981); *Cazares v. Saenz*, 208 Cal.App.3d 279, 287-88 (1989) (noting that contingency-based fee "may properly provide for a larger compensation than would otherwise be reasonable" given the "economic considerations separate and apart from the attorney's work on the case."). *See Yi v. BMW of N. Am*., LLC, 805 Fed.Appx. 459, 462 (9th Cir. 2020) (District Court did not violate vehicle owner's procedural due process rights by entering summary judgment on statute of limitations issue even though no motion was

pending, where district court gave owner notice of the statute of limitations bar, and it provided owner a meaningful opportunity to be heard through supplemental briefing and a hearing).

Here, the risk of non-recovery in litigating lemon law cases against MBUSA is substantial. As noted above, MBUSA counsel, Mr. Tahsildoost prides himself in providing "a bulldog defense to each of his clients," and attempted to do so in this case by denying all liability, and attempting to coerce Plaintiffs to accept low-ball offers. Ultimately, litigating against MBUSA poses a substantial risk of no recovery and a multiplier is thus more than justified.

**D. Plaintiffs are Entitled to Costs and Litigation Expenses**

Plaintiffs are also entitled to recover all of the costs *and expenses* reasonably incurred in prosecuting the case – *in addition to recovering attorney fees*. Civ. Code § 1794, subd. (d). Inclusion of the word "expenses" in section 1794, subdivision(d) reveals that items beyond statutory costs enumerated under Code of Civil Procedure section 1033.5 are recoverable. *Jensen, supra* at 137-38 (1995) (examining Legislative history of SBA to determine that "costs and expenses" language to be interpreted broadly to include such things as filing fees, expert witness fees, marshal's fees, etc., to "open the litigation process to everyone."); *Warren v. Kia Motors Am., Inc.*, 30 Cal.App.5th 24, 42-43 (2018) (finding that the trial court abused its discretion in excluding trial transcript costs from plaintiff's cost award, and holding that trial transcripts, though not ordered by the court or enumerated in section 1032, were nonetheless recoverable under section 1794, subdivions (d).) "Expenses" includes all expenses not part of overhead and ordinarily billed to paying clients regardless of whether recoverable under § 1033.5. *Bussey v. Affleck*, 225 Cal.App.3d 1162 (1990); *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,* 47 Cal.App.4th 464, 491 (1996) (holding litigation expenses far broader than costs). *Scott v. Ford Motor Co.*, 2020WL8125665, at*3 (C.D.Cal. Nov.24,2020) (expert witness fees are recoverable under section 1794, subdivision (d) (relying on *Zomorodian v. BMW of N. Am., LLC,*

PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES

332 F.R.D. 303, 307 (C.D. Cal. 2019).). "Defendant objects that these costs are not allowable under the Local Rules. But because the Court applies Section 1974(d), Plaintiff's recovery is not limited to taxable costs under the Local Rules." *Scott*, *supra* at*3.

Accordingly, the Court should order MBUSA to reimburse Plaintiffs' $6,012.85 in litigation costs and expenses. (*See* Jacobson Decl. ¶ 17, Ex. 6.)

**IV. CONCLUSION**

For the aforementioned reasons, this Court should order MBUSA to pay a total amount of $72,353.80. This amount consists of (1) $44,697.00 in attorney fees for Quill & Arrow, LLP; (2) a 1.35 multiplier enhancement on the attorney fees (or $15,643.95); (3) $6,012.85 in costs incurred by Quill & Arrow, LLP; and (4) an additional $6,000.00 for Plaintiffs' counsel to review Defendant's Opposition; draft the Reply; and attend the hearing on this Motion.

Dated: May 6, 2022          Respectfully submitted,

                                  **QUILL & ARROW, LLP**

                                  /s/Gregory Sogoyan
                                  _____
                                  Gregory Sogoyan, Esq.
                                  Attorneys for Plaintiffs,
                                  **GREG DAVIS AND LINDA MYERS**



PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES