UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Greg Davis and Linda Myers, | No. 2:21-cv-0174-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| Mercedes-Benz USA, LLC, | |
| Defendant. | |

In this "lemon law" action, the parties have settled their dispute, and plaintiffs now move for attorneys' fees and costs. For the reasons below, the court **grants in part** plaintiffs' motion, approving a modified amount of **$22,837.5**.[1]

**I.    BACKGROUND**

Plaintiffs filed suit against defendant in Sacramento County Superior Court, alleging a violation of the Song-Beverly Consumer Warranty Act, known as the "lemon law," based on

---

[1] Defendant requests judicial notice of two court orders. RJN, ECF No. 27. The court **grants** the request. *See Applied Underwriters, Inc. v. Lara*, 530 F. Supp. 3d 914, 923 (E.D. Cal. 2021) ("Courts routinely take judicial notice of documents on file in federal or state courts . . . ."), *aff'd on other grounds*, 37 F.4th 579 (9th Cir. 2022).

Both parties have filed numerous objections to declarations filed by the opposing party. Objs., ECF Nos. 28, 29, 34. To the extent this court's analysis implicates any declaration to which there was an objection, such objection is overruled.

defendant's sale of a defective 2018 Mercedes-Benz E63 AMG for $158,400.16.  Sogoyan Decl. ¶¶ 3, 18, ECF No. 20.  Defendant removed, invoking this court's diversity jurisdiction.  *Id*. ¶ 19.  The parties engaged in written discovery, but did not engage in any depositions or pleading challenges.[2]  *See* Mot. at 5–6, ECF No. 19; Sogoyan Decl. ¶¶ 22–36.

The parties settled, and the settlement permits plaintiffs' counsel to recoup "attorneys' fees, costs, and expenses that have been reasonably incurred to date[.]" Gallagher Decl. Ex. B (Settlement Agreement) at 2, ECF No. 26-5.  Plaintiffs now seek a total amount of $72,353.80, which includes $60,330.5 in attorneys' fees, $6,000 in additional fees for work related to their motion for attorneys' fees, and $6,012.85 in litigation costs.  Mot. at 3.

Because the parties disagree on an amount of reasonable attorneys' fees and costs, plaintiffs filed this motion.  *See id*.  Defendant opposes. Opp'n, ECF No. 26.  Plaintiffs replied.  Reply, ECF No. 30.  The court submitted the matter without an oral argument.  Min. Order, ECF No. 35.

## II.  LEGAL STANDARD

The parties do not dispute that plaintiffs' counsel is entitled to recoup reasonable attorneys' fees, costs, and expenses under the settlement.  "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Durham v. FCA US LLC*, 2020 WL 243115, at *3 (E.D. Cal. Jan. 16, 2020) (citation omitted).  If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Id.* (quoting *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th at 550, 564 (2008)).  "Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive." *Id.* (citation omitted).

## III.  ANALYSIS

"The determination of what constitutes a reasonable fee generally begins with the lodestar, i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."

---

[2] Defendant withdrew its motion for judgment on the pleadings before plaintiffs responded to the motion.  *See* Not. Withdrawal, ECF No. 13.

2

*Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (internal quotations omitted).  After determining the lodestar fee award, the court considers whether to apply an adjustment.  *See Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).

Here, plaintiffs seek a total of $72,353.80 in attorneys' fees and costs.  Defendant challenges plaintiffs' proposed (1) hourly rates, (2) hours of work spent, (3) lodestar multiplier, (4) additional fees for work related to this motion; and (5) litigation costs.  *See* Opp'n.  The court addresses each argument made by defendant below.

### A.   Hourly Rates

A reasonable hourly rate is "the rate prevailing in the community for similar work."  *Arias v. Ford Motor Co.*, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020).  "The relevant community is the community in which the court sits."  *Id.* (citation omitted).  To determine a reasonable rate, a court may refer to "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community" and rates paid in other cases.  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  "If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community."  *Arias*, 2020 WL 1940843, at *3 (citations omitted).

Here, plaintiffs' requested rates are unreasonably high.  They request the following hourly rates for four attorneys: (1) $395 to $500 for Kevin Jacobson who passed the bar in 2018; (2) $425 to $450 for Gregory Sogoyan who passed in 2017; (3) $350 for both Nicolas Yowarski and Jess Fortune who passed in 2021.  Mot. at 11; Jacobson Decl. ¶¶ 6–16, ECF No. 21; Jacobson Decl. Reply ¶ 4, ECF No. 33; *see also Jurosky v. BMW of North Am., LLC*, 2020 WL 5033584, at *2 (S.D. Cal. Aug. 25, 2020) (noting Sogoyan admitted to bar in 2017).  Although plaintiffs argue their proposed rates are similar to those awarded in other lemon law cases, *see* Mot. at 11–12, none of those rates were awarded in or near the Sacramento courthouse or even within this district.  Nor have plaintiffs explained why out-of-district rates are appropriate here.  *See id.*

Courts in this district have awarded rates between $175 and $300 for attorneys with less than ten years' experience.  *Greer v. Dick's Sporting Goods, Inc.*, 2020 WL 5535399, at *10

1  (E.D. Cal. Sept. 15, 2020) (citation omitted).  Defendant suggests plaintiffs' rates should be
2  between $200 and $250.  Opp'n at 24.  The court finds an hourly rate of **$250** to be appropriate
3  for plaintiffs' four attorneys.

### B.  Hours of Work Spent

In determining an appropriate fee award, "the district court should exclude hours that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal quotation marks and citation omitted).  As a general rule, however, "the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The billing records submitted by plaintiffs indicate their counsel spent a total of 106.55 hours on this matter, including 19.2 hours spent preparing their motion.  Mot. at 12.  Defendant challenges opposing counsel's billing practices for (1) including entries the defense deems excessive or duplicative, and (2) including hours accrued after settlement.  Opp'n at 14–21.

#### 1.  Excessive or Duplicative Billing

Defendant argues certain billing entries reveal an excessive amount of time spent on a task.  *Id*. at 14–16.  For example, defendant points to Mr. Sogoyan's recording .8 hours (48 minutes) to "send an email regarding outstanding discovery and requesting the parties stipulate to amend the scheduling order" (entry dated November 11, 2021) and .6 hours (36 minutes) to "draft a joint status report regarding the status of mediation." *Id.* at 15.  The court does not find the examples provided by defendant to be particularly excessive, particularly considering the deference accorded a lawyer's professional judgment as to how much time he was required to spend on a matter.  *Moreno*, 534 F.3d at 1112.

Similarly, defendant argues several entries are "duplicative" and provides several examples.  *See* Opp'n at 16–17.  Plaintiffs, however, explain those entries were made separately to avoid block-billing, *see* Reply at 9–10, and the court again finds the entries not unreasonable and defers to the attorneys' professional judgment.  The court will not reduce the lodestar on this basis.

4

**2.     Hours Incurred After Settlement**

In contrast to the time reviewed above, the settlement agreement's "to date" language forecloses plaintiffs' recovery of any fees incurred after the parties' settlement. *See* Settlement Agreement at 2 (stating plaintiffs' counsel is entitled to "attorneys' fees, costs, and expenses that have been reasonably incurred *to date*"**)** (emphasis added).  In other lemon law cases, courts did not award post-settlement fees when the parties agreed to similar "to date" language. *See, e.g.*, *Hanai v. Mercedes-Benz USA, LLC*, 2022 WL 718037, at *3 (N.D. Cal. March 10, 2022). Plaintiffs do not address the settlement's "to date" language, and instead cite unrelated cases where such language was absent. *See* Reply at 6.  Some of the cases plaintiffs cite even conclude a court should reject awarding any post-settlement fees. *See, e.g.*, *Speiker v. FCA US, LLC*, 2021 WL 4353273, at *5 (C.D. Cal. June 4, 2021) (rejecting request for post-settlement fees).  "If a plaintiff desires fees on fees in the event a fee application to the district court is required, the plaintiff should ensure that the settlement terms do not foreclose the availability of such fees." *Lilly v. City of New York*, 934 F.3d 222, 237–38 (2d Cir. 2019).

Accordingly, the court excludes 19.2 hours plaintiffs billed for work performed after the settlement date of January 28, 2022.  This leaves **87.35 hours**; with the hourly rate of $250, plaintiffs' total lodestar amount is **$21,837.5.**

**C.     Lodestar Multiplier**

Once a court determines the lodestar, "it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132.

No multiplier is warranted here.  Plaintiffs do not argue the issues litigated were novel or complex. *See* Mot. 14–16.  No special skill was required; the parties only engaged in written discovery, and did not take any depositions or file pleading challenges. *See id*. at 5–6.  Moreover, "a contingent fee agreement only favors an upward departure when there is an 'uncertainty of prevailing on the merits and of establishing eligibility for the award.'" *Arias*, 2020 WL 1940843,

at *5 (quoting *Robertson v. Fleetwood Travel Trailers of Cal. Inc.*, 144 Cal. App. 4th 785, 819 (2006)). Given that plaintiffs' counsel regularly undertakes this type of work, counsel did not face such uncertainty that a multiplier is warranted. *See id.* (finding same). Accordingly, the lodestar amount remains at $21,837.5.

### D. $6,000 Additional Fees for the Motion for Attorneys' Fees

As noted above, the parties' settlement prohibits plaintiffs from recovering any post-settlement fees. *See* Settlement Agreement at 2 (stating plaintiffs' counsel is entitled to "attorneys' fees, costs, and expenses that have been reasonably incurred *to date*") (emphasis added). Thus, the court denies plaintiffs' request for $6,000 additional fees for work related to their motion.

### E. Litigation Costs

Plaintiffs also request a total of $6,012.85 in litigation costs, which include $5,012.85 for "[c]osts and expenses paid to Plaintiffs' retained expert, Darrell Blasjo[,] in connection with this case" and $1,000 for "[f]iling, and administrative costs and expenses" Jacobson Decl. Ex. 6 at 6, 22, ECF No. 21-6.

As a threshold matter, plaintiffs are not entitled to the expert fees. Although plaintiffs rely on state law authorities, in this diversity case the court must apply federal law to determine whether plaintiffs may recover expert fees as costs. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995) (citing *Hanna v. Plumer*, 380 U.S. 460, 463 (1965); finding district court erred in applying California law because "reimbursement of expert witness fees is an issue of trial procedure" and in diversity action, "federal law controls the procedure by which the district court oversaw the litigation"). Under the applicable federal law, plaintiffs are entitled to compensation only for "court appointed experts." *See* 28 U.S.C. § 1920; *Seebach v. BMW of North Am., LLC*, 2021 WL 516712, at *1 (E.D. Cal. Feb. 11, 2021). Because plaintiffs' expert witness was not appointed by the court, plaintiffs may not recover the expert fees.

Thus, the court denies plaintiffs' request for $5,012.85 in expert fees. The court grants plaintiffs' unopposed request for $1,000 in filing and administrative costs. *See generally* Opp'n; *see also* 28 U.S.C. § 1920 (allowing litigants to recover filing and administrative costs).

6

**IV. CONCLUSION**

For the foregoing reasons, plaintiffs' motion for fees is **granted** in the modified amount of **$22,837.5**, which includes $21,837.5 in attorneys' fees and $1,000 in costs.

This order resolves ECF No. 19.

IT IS SO ORDERED.

DATED: October 27, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE